
**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| SHELLY ANN BROWN, | ) |
| Plaintiff, | ) |
| v. | ) |
| MICHAEL CHERTOFF, Secretary of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY TRANSPORTATION SECURITY ADMINISTRATION, UNITED STATES OF AMERICA, THREE UNNAMED and UNKNOWN AGENTS of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY TRANSPORTATION SECURITY ADMINISTRATION, and THREE UNNAMED and UNKNOWN AGENTS of the UNITED STATES GOVERNMENT, | ) ) ) Civil No. 2005-109 ) ) ) ) ) ) ) |
| Defendants. | ) |

**ATTORNEYS:**

**Alan R. Feuerstein, Esq.**
Buffalo, NY
   *For the plaintiff,*

**Jason T. Cohen, AUSA**
St. Thomas, U.S.V.I.
   *For the defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the United States of America (the "Government") to dismiss, in part, the complaint

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 2

filed by Shelley Ann Brown ("Brown"). For the reasons stated below, the Court will grant the motion.

### I.   FACTS

In October, 2002, Brown was employed by the Government as a security screener for the Transportation Security Administration ("TSA"). Brown was stationed at the Cyril E. King Airport in St. Thomas, U.S. Virgin Islands.

On July 27, 2003, while Brown was working as a TSA security screener at the Cyril E. King Airport, her supervisor grabbed her by the neck and shook her violently. As a result, Brown alleges that she was disabled and unable to work. Notwithstanding her allegation, the TSA fired Brown when she failed to return to work. Thereafter, Brown filed this action.

Count One of the Complaint asserts a claim for employment discrimination based on race, sex, and disability under 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). Count Two is a claim for assault and battery against the Government, based on the conduct of Brown's TSA supervisor. Count Three alleges that the Government was negligent in supervising its employees. Counts Four and Five, respectively, allege negligent and intentional infliction of emotional distress. Count Six of the Complaint asserts a cause of action under *Bivens v. Six Unknown Named Agents of*

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 3

*Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (a "*Bivens* claim," or a "*Bivens* action").[1]

The Government filed a motion to dismiss the Complaint for failure to state a claim, and for lack of subject matter jurisdiction. On November 29, 2007, the Honorable Stanley S. Brotman,[2] sitting by designation, conducted a hearing on the Government's motion to dismiss. Neither the Government nor Brown presented any witnesses or other evidence at the November 29, 2007, hearing. Instead, the attorneys argued their positions regarding the motion to dismiss. At the conclusion of the hearing, Judge Brotman took the motion to dismiss under advisement.

This Opinion addresses the merits of the Government's motion to dismiss.

## II. DISCUSSION

**A. Federal Rule of Civil Procedure 12(b)(6)**

"[W]hen ruling on a defendant's motion to dismiss, a judge

---

[1] "In *Bivens*, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights." *Lora-Pena v. F.B.I.,* 529 F.3d 503, 505 (3d Cir. 2008).

[2] The Honorable Stanley S. Brotman is a Senior District Judge of the United States District Court for the District of New Jersey.

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 4

must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227,

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 5

234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1965).

**B.   Federal Rule of Civil Procedure 12(b)(1)**

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). The Government claims that the facts alleged in Brown's Complaint do not constitute a valid basis for this Court's subject matter jurisdiction over certain causes of action asserted in the Complaint. Additionally, the Government has moved to dismiss the Complaint before filing an answer thereto. As such, the Government has lodged a facial challenge to this Court's subject matter jurisdiction. *See Mortensen v. First Fed. Savings and Loan Ass'n,* 549 F.2d 884, 891-92 (3d Cir. 1977) (explaining that facial challenges contest the sufficiency of the pleadings, whereas factual challenges – which "cannot occur until plaintiff's allegations have been controverted" – attack the truth of the facts alleged therein).

In considering the Government's facial challenge under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 6

complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"); *Mortensen,* 549 F.2d at 891 (explaining that, in ruling upon a facial attack under Rule 12(b)(1), "the court must consider the allegations of the complaint as true"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.,* 462 F.3d 294, 299 (3d Cir. 2006).

### III.  ANALYSIS

The Government seeks to dismiss all Counts of the Complaint, except for a portion of the Title VII claim asserted in Count One.[3]

---

[3]  Initially, the Government sought to dismiss all of Brown's claims against it. The Government originally requested that Count One be dismissed in its entirety, on the ground that Brown failed to name a proper party as a defendant. Brown thereafter moved for leave to amend her complaint to add the Secretary of the United States Department of Homeland Security, Travel Security Administration as a defendant. In an order entered on October 3, 2007, the United States Magistrate Judge granted Brown's motion for leave to amend and gave the Government ten days within which to make any necessary changes to the motion to dismiss. The Government did not file any written revisions to the motion to dismiss. However, at the November 29, 2007, hearing the Government's attorney acknowledged that the argument that Brown failed to name a proper defendant in Count One

> is now moot because of the magistrate judge's
> [October 3, 2007] order.
>                     . . .
>
>     Now, with respect to Count [One] . . . the

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 7

### A.   Count One - Title VII

The Government argues that Count One fails to state a claim insofar as it asserts a cause of action under Title VII for discrimination based on disability.[4]  In the Government's view, the portion of Count One alleging disability-based discrimination should be dismissed because Title VII does not proscribe that type of discrimination.

Title VII "prohibit[s] discrimination in employment against members of certain classes." *Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1996).  Specifically, Title VII prohibits employment discrimination based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.  As the Government correctly points out, no provision of Title VII proscribes discrimination on the basis of an individual's disability.  Furthermore, the Court is unaware of any valid legal authority for reading into Title VII an implicit ban on disability-based employment.

---

government's position is that part of it is not subject to the motion to dismiss.

(Hr'g Tr. 5-6, Nov. 29, 2007.)

[4]  At the November 29, 2007, hearing, the Government stated that it no longer seeks dismissal of the portion of Count One alleging discrimination based on race or sex, in violation of Title VII.

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 8

Because Title VII does not prohibit employment discrimination based on an individual's disability, Count One fails to state a claim upon which relief may be granted to the extent it purports to assert a Title VII claim based on disability discrimination.[5]

**B.   Counts Two through Five - Tort Claims**

The Government contends that Counts Two through Five of the Complaint should be dismissed for lack of subject matter jurisdiction. The Government argues that the Federal Employees Compensation Act, 5 U.S.C. § 8101, *et seq.,* ("FECA") should apply in this case, and should serve as the exclusive remedy for Brown's claims of personal injury stemming from the July 27, 2003, incident.

FECA requires that

> [t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is--

---

[5] The Government additionally argues that Brown cannot bring a disability discrimination claim against the Government under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.,* because such claim is barred by the Aviation and Transportation Security Act, Pub. L. No. 115 Stat. 597 (Nov. 19, 2001) (the "ATSA"). However, nowhere in the Complaint does Brown seek to bring any claim pursuant to the Rehabilitation Act. Thus, the Court need not consider the Government's arguments regarding the Rehabilitation Act and the ATSA.

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 9

> (1) caused by willful misconduct of the employee;
>
> (2) caused by the employee's intention to bring about the injury or death of himself or of another; or
>
> (3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a) (1979).

The statute expressly provides that FECA is the exclusive remedy for injuries falling within its coverage:

> [t]he liability of the United States or an instrumentality thereof under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. . . .

*Id.* at § 8116(c); *see also Elman v. United States,* 173 F.3d 486, 489 (3d Cir. 1999) ("Where FECA applies, it unambiguously precludes 'all other liability of the United States' . . . ."); *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973) (explaining that federal employees falling within FECA's coverage "have no election of remedies").

All questions arising under FECA must be decided by the Secretary of Labor, or the Secretary's designee, whose decision is "(1) final and conclusive for all purposes and with respect to

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 10

all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." *Id.* at § 8128(b). If a claim is covered by FECA, federal courts lack jurisdiction over such claim. *See id.*; *see also Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984); *DiPippa v. United States*, 687 F.2d 14, 16-17 (3d Cir. 1982); *Joyce*, 474 F.2d at 219.

"The threshold requirement for determining FECA coverage is that the injuries alleged must be 'sustained while in the performance of [the employee's] duty.'" *Heilman,* 731 F.2d at 1110 (quoting 5 U.S.C. § 8102). If, in making that determination,

> the plaintiff's own pleadings aver facts which establish to a certainty that subject matter jurisdiction does not exist in the district court because of the Secretary's exclusive role in adjudicating FECA claims, then the district court has no choice but to dismiss the action.

*Heilman,* 731 F.2d at 1111.

Here, the Complaint states that, "at all times relevant to the action [Brown] was an employee of the Transportation Security Administration," which "falls under the administration of the United States Department of Homeland Security and the United States of America." (Compl. 3, ¶¶ 8-10.) The Complaint further states that,

> [o]n or about July 27, 2003, Burdette, a White Male Security Screener Supervisor, physically

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 11

> assaulted, battered, and caused injury and damage to Brown at the Cyril E. King Airport.
>
> At the time of the Assault and Battery, Brown was acting in her official capacity as a Security Screener for the Transportation Security Administration.

(*Id.* at 6-7, ¶¶ 26-27.)

On its face, the Complaint alleges that Brown's injuries were sustained while Brown was performing her duty as a federal employee. Those injuries clearly fall within the scope of FECA. Brown's tort claims all seek damages resulting from those covered personal injuries. Consequently, this Court lacks subject matter jurisdiction over Counts Two through Five of the Complaint. *See, e.g.*, *Heilman,* 731 F.2d at 1111 (holding that dismissal was appropriate because the complaint alleged that the decedent died because he was exposed to radiation while working as a federal employee, so his claims were clearly covered by FECA); *Attridge v. Johns Manville,* 942 F.2d 790 (9th Cir. 1991) (affirming the dismissal of a federal employee's claims for third-party contribution for injuries sustained as a result of asbestos exposure at the workplace because FECA provided the exclusive remedy available for such claims); *Cahn v. United States*, 269 F. Supp. 2d 537, 544 (D.N.J. 2003) (dismissing a federal employee's claim that he sustained injuries from exposure to tobacco smoke during the course of his federal employment because such injuries

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 12

were clearly covered by FECA); *McEntee v. Henderson*, 154 F. Supp. 2d 1286, 1290-92 (S.D. Ohio 2001) (granting the Government's motion to dismiss an action brought by a U.S. Postal Service employee because FECA was the exclusive remedy for the injury the employee sustained to his finger during a workplace accident).

**C.   Count Six - *Bivens* Claim**

The Government argues that Count Six of the Complaint should be dismissed for failure to state a claim upon which relief may be granted under *Bivens*.

To state a *Bivens* claim, a plaintiff must allege the following two elements: "First, the defendants must have been acting under the color of federal law; and second, the defendants must have caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States." *Abrahams v. U.S. Marshals Service,* 2007 WL 3025073 at *2 (D.V.I. Aug. 14, 2007) (unpublished) (citing *Goldstein v. Moatz*, 364 F.3d 205, 364 F.3d 205, 210 n. 8 (4th Cir. 2004)).  The *Bivens* claim in Count Six alleges that the defendants denied Brown access to the courts.

The Supreme Court of the United States has recognized two categories of claims for violations of the constitutional right

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 13

of access to the courts.[6] *See Christopher v. Harbury,* 536 U.S. 403, 412-13, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). The first category covers access claims that are forward-looking, alleging that an official action is presently denying an opportunity to litigate for the plaintiff. *Id.* at 413. The object of such claims is "to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* In contrast, the second category covers access claims that are backward-looking, alleging that some official act influenced a litigation opportunity such that it "caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury,* 536 U.S. 403, 414, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (internal citations omitted); *see also Estate of Smith v. Marasco,* 318 F.3d 497, 511 (3d Cir. 2003) ("Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts."). The object of this type of access claim "is not the judgment in a further lawsuit, but simply the

---

[6] The Supreme Court of the United States has grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. *Christopher,* 536 U.S. at 415 n. 12.

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 14

judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.*

As the Supreme Court has explained, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-15. Indeed, the right to access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. Accordingly, to allege a violation of the constitutional right to access to the courts, a complaint must describe the underlying cause of action sought to be litigated. *Id.* Additionally, when the access claim looks backward, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* (reasoning that "[t]here is . . . no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element").

Here, Brown asserts a backward-looking access claim. The Complaint states that the July 27, 2003, incident was captured and recorded by video surveillance taken by the defendants. It states that the videotape containing the relevant recording was

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 15

in the possession and control of the TSA, and that the TSA or agents of the Government knew about the existence of the tape. The Complaint further states that Brown requested the tape in discovery, but was subsequently informed that it had been destroyed by the defendants.  Count Six alleges that the destroyed videotape constituted crucial evidence in this case, and that the defendants, acting under color of law, intentionally destroyed the tape in order to frustrate Brown's cause of action in the instant litigation.

    The underlying causes of action in Brown's access claim are those set forth in Count One through Five of the Complaint in this case.  Of course, because Brown is currently litigating those causes of action, she cannot claim to have been denied access to the courts altogether.  Rather, Brown claims that the defendants' actions in destroying the tape during the course of discovery in this case frustrated her ability to try this case. However, as the United States Court of Appeals for the Third Circuit has explained, "a plaintiff typically cannot recover for any cover-ups or discovery abuses after an action has been filed inasmuch as the trial court can deal with such situations in the ongoing action." *Marasco,* 318 F.3d at 511.  "Thus, only prefiling conduct that . . . renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 16

violation." *Id.* Such conduct must "substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled." *Marasco,* 318 F.3d at 511 (quoting *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261-64 (6th Cir. 1997)).

The Complaint in this case alleges that as a result of the defendants' conduct in destroying the videotape, Brown will be required to reconstruct the factual circumstances of the case by calling additional witness. Significantly, however, the Complaint does not allege that the destruction of the tape substantially reduced the likelihood of Brown's obtaining relief. Indeed, the Complaint itself acknowledges that the videotape is not essential to the litigation of this matter because the events of July 27, 2003, may be recreated through witness testimony. While the destruction of the tape may make it more difficult or costly for Brown to try this case, and may arguably amount to a discovery violation, there is nothing in the Complaint to suggest that the defendants conduct rendered Brown's access to the courts ineffective or meaningless. Brown has therefore failed to allege a violation of her constitutional right to access to the courts. *See, e.g., Monroe v. Beard,* 536 F.3d 198, 206 (3d Cir. 2008) (holding that the plaintiffs failed to state a claim for violation of the right to access to the courts based on allegations that the defendants confiscated their litigation

*Brown v. Chertoff, et al.*
Civil No. 2005-109
Memorandum Opinion
Page 17

materials, absent any allegation that such materials were critical to pursuing the plaintiffs' underlying claims); *see also Foster v. City of Lake Jackson*, 28 F.3d 425, 430 (5th Cir. 1994) (explaining that the right to access to the courts does not encompass "the right to proceed free of discovery abuses after filing"). Because the allegations related to Count Six do not allege a constitutional violation, Brown has failed to state a claim upon which relief may be granted under *Bivens.*

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion. Count One of the Complaint will be dismissed insofar as it asserts a Title VII claim based on disability discrimination. Counts Two through Six will be dismissed in their entirety. An appropriate Order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**